UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

GREGORY A. GRICE, III,

                                 Plaintiff,

               -against-

TOWN OF GREENBURGH, NEW YORK, THE TOWN OF
NORTH CASTLE, NEW YORK, COUNTY OF WESTCHESTER
METROPOLITAN TRANSPORTATION AUTHORITY, DEREK
HOSEIN, Individually, MICHAEL ALFALLA, Individually,
KENNETH STEWART, Individually, DONALD HEAGLE,
Individually, KEVIN MADDINE, Individually, JONATHAN
PISCATELLI, Individually, MICHAEL SACHAR, Individually,
ANTHONY MCVEIGH, Individually, FRANK FARINA,
Individually, MARK DELIA, Individually, HERMAN
KILLEBREW, Individually, ROBERT BARNETT, Individually,
THOMAS MCCORMACK, Individually, JOSEPH HORESKY,
Individually, KATHLEEN CRISTIANO, Individually, BRIAN
SCOTT, Individually, JAMES LUCIANO, Individually,

                                 Defendants.

-----------------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 1776 (NSR)

<u>Jury Trial Demanded</u>

Plaintiff GREGORY A. GRICE, III, by his attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

    1.    Plaintiff bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## **JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff GREGORY A. GRICE, III, is an eighteen year old black male residing in White Plains, New York.

7.    Defendant TOWN OF GREENBURGH was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant TOWN OF GREENBURGH maintains the Greenburgh Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, TOWN OF GREENBURGH.

9.    That at all times hereinafter mentioned, the individually named defendants ANTHONY MCVEIGH, FRANK FARINA, MARK DELIA, and HERMAN KILLEBREW, were duly sworn police officers of the police department of the TOWN OF GREENBURGH, and were acting under the supervision of said department and according to their official duties.

10.    Defendant TOWN OF NORTH CASTLE was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

2

11.     Defendant TOWN OF NORTH CASTLE maintains the North Castle Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, TOWN OF NORTH CASTLE.

12.     That at all times hereinafter mentioned, the individually named defendants ROBERT BARNETT, THOMAS MCCORMACK, and JOSEPH HORESKY, were duly sworn police officers of the police department of the TOWN OF NORTH CASTLE, and were acting under the supervision of said department and according to their official duties.

13.     Defendant COUNTY OF WESTCHESTER was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

14.     Defendant COUNTY OF WESTCHESTER maintains the Westchester County Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF WESTCHESTER.

15.     That at all times hereinafter mentioned, the individually named defendants KATHLEEN CRISTIANO, BRIAN SCOTT, and JAMES LUCIANO, were duly sworn police officers of the police department of the COUNTY OF WESTCHESTER, and were acting under the supervision of said department and according to their official duties.

16.     Defendant METROPOLITAN TRANSPORTATION AUTHORITY (formerly sued herein as "METROPOLITAN TRANSIT AUTHORITY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

17.     Defendant METROPOLITAN TRANSPORTATION AUTHORITY maintains

3

the Metropolitan Transportation Authority Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, METROPOLITAN TRANSPORTATION AUTHORITY.

18.     That at all times hereinafter mentioned, the individually named defendants DEREK HOSEIN, MICHAEL ALFALLA, KENNETH STEWART, DONALD HEAGLE, KEVIN MADDINE, JONATHAN PISCATELLI, and MICHAEL SACHAR, were duly sworn police officers of the police department of the METROPOLITAN TRANSPORTATIONAUTHORITY, and were acting under the supervision of said department and according to their official duties.

19.     Defendants TOWN OF GREENBURGH, TOWN OF NORTH CASTLE COUNTY OF WESTCHESTER, and METROPOLITAN TRANSPORTATION AUTHORITY are to collectively herein as "the defendant municipalities."

20.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or of their respective municipalities.

21.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by their respective municipalities.

## FACTS

22.     On June 6, 2011, at approximately 5:45 p.m. plaintiff GREGORY A. GRICE, III was lawfully standing on the shoulder of Virginia Road, in the Town of Greenburgh, in the vicinity of a Metro North Railroad crossing.

23.    Plaintiff, who at the time of his arrest was sixteen years old, has never been arrested before and has no criminal record.

24.    Plaintiff was at the above location because he is a train hobbyist.   From approximately the age of twelve, plaintiff has pursued this hobby by, among other things, taking photos and videos of trains, by volunteering at the Danbury Railway Museum, attending Metropolitan Transportation Authority meetings and hearings, and participating in various online forums for train hobbyists, generally known as "railfans."

25.    Plaintiff aspires to work as a train engineer or in a similarly train related career.

26.    Plaintiff had apprised himself of the rules and regulations related to photographing trains, with train safety rules in general, and had with him at the time of the incident a METROPOLITAN TRANSPORTATION AUTHORITY rulebook.

27.    On the date of his arrest, plaintiff was at all times, a safe distance from the tracks on public property, and following all rules and regulations of the METROPOLITAN TRANSPORTATION AUTHORITY.

28.    At the aforesaid time and place, a defendant police officer from the TOWN OF GREENBURGH, believed to be ANTHONY MCVEIGH, approached plaintiff, told plaintiff to keep his hands where he could see them, and asked what plaintiff was doing.

29.    Plaintiff explained to him that he was taking photos of the trains.

30.    Officer ANTHONY MCVEIGH ordered plaintiff to put his hands on a concrete barrier, which plaintiff was standing next to, and asked plaintiff if he had anything on him, and if he had ever been arrested before.

31.    Plaintiff told him he had never been arrested, that he didn't have anything on him, and further explained to the officer that he had an email with him, from the METROPOLITAN

5

TRANSPORTATION AUTHORITY, stating that train photography is permissible.

32.     Officer ANTHONY MCVEIGH ignored plaintiff's explanation for his lawful presence at the location, continued to ask plaintiff questions to the effect of whether or not he had ever been locked up before and if he had anything on him, and placed tight handcuffs on plaintiff's wrists.

33.     After a period time additional officers arrived from the TOWN OF GREENBURGH, believed to include FRANK FARINA, MARK DELIA, and HERMAN KILLEBREW.

34.     These officers were then joined by more officers from the TOWN OF NORTH CASTLE, believed to include ROBERT BARNETT, THOMAS MCCORMACK, and JOSEPH HORESKY and from the COUNTY OF WESTCHESTER, believed to include KATHLEEN CRISTIANO, BRIAN SCOTT, and JAMES LUCIANO.

35.     While plaintiff was detained, his person and backpack were searched and he was questioned for an extended period of time.

36.     Plaintiff provided his name, address, and date of birth as requested and further explained his interest in trains and why he was at the location.

37.     Defendant officers continued to question plaintiff and made statements to plaintiff, in sum and substance, that they would let him go on his way once they verified who he was and that he was not engaged in terrorist activities.

38.     After facing the defendant officers' prolonged interrogation, plaintiff requested that the officers call a lawyer or his mother and began to cry.

39.     Plaintiff was told that he was not entitled to a phone call.

40.     Officers ANTHONY MCVEIGH, FRANK FARINA, MARK DELIA, HERMAN

6

KILLEBREW, ROBERT BARNETT, THOMAS MCCORMACK, JOSEPH HORESKY, KATHLEEN CRISTIANO, BRIAN SCOTT, and JAMES LUCIANO either directly participated in detaining and/or allowing the continued wrongful detention of plaintiff, in searching plaintiff and his backpack and questioning plaintiff, or stood by and watched plaintiff be unlawfully searched, questioned, and handcuffed, and otherwise failed to intervene in the improper conduct occurring in their presence, despite meaningful opportunities to intercede.

41.    After approximately twenty-five minutes, officers from the METROPOLITAN TRANSPORTATION AUTHORITY, believed to include DEREK HOSEIN, MICHAEL ALFALLA, KENNETH STEWART, DONALD HEAGLE, KEVIN MADDINE, JONATHAN PISCATELLI, MICHAEL SACHAR, responded to the location.

42.    One of the officers stated that he recognized plaintiff from METROPOLITAN TRANSPORTATION AUTHORITY public hearings and asked plaintiff what he was doing.

43.    Plaintiff again explained that he was just taking pictures.

44.    Notwithstanding the fact that a METROPOLITAN TRANSPORTATION AUTHORITY officer recognized plaintiff from METROPOLITAN TRANSPORTATION AUTHORITY public hearings, that the officers viewed the photos on plaintiff's camera which confirmed that he had in fact been taking photos, and that there was no evidence that plaintiff was engaging in any sort of unlawful activity, the officers collectively continued to detain plaintiff, who remained handcuffed and not free to leave at the location.

45.    The defendant officers detained, searched, questioned, and arrested plaintiff due at least in part to his race, and not because he was engaged in any unlawful activity.

46.    After holding plaintiff handcuffed at the location for approximately an hour, the METROPOLITAN TRANSPORTATION AUTHORITY officers took control of plaintiff,

imprisoned him in a police vehicle and transported him to the METROPOLITAN TRANSPORTATION AUTHORITY precinct in Mount Vernon, New York.

47.     While at the METROPOLITAN TRANSPORTATION AUTHORITY precinct in Mount Vernon, METROPOLITAN TRANSPORTATION AUTHORITY officers further interrogated and imprisoned plaintiff.

48.     The METROPOLITAN TRANSPORTATION AUTHORITY officers imprisoned plaintiff until approximately 8:00 p.m., when plaintiff was released with a summons compelling plaintiff to appear in Greenburgh Town Court on July 12, 2011, to face false charges of trespass filed against claimant based on the false statements of the defendant officers, and sworn to by defendant DEREK HOSEIN, notwithstanding the fact that the METROPOLITAN TRANSPORTATIONAUTHORITY officers had no reasonable basis to believe that plaintiff had trespassed.

49.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to justify plaintiff's prolonged and unlawful detention and the actions of the police officers involved in the incident.

50.     Plaintiff appeared, as required in Greenburgh Town Court on three occasions, until on September 2, 2011, when all the charges filed against him were adjourned in contemplation of dismissal, and subsequently dismissed and sealed.

51.     Defendants FRANK FARINA, ANTHONY MCVEIGH, MARK DELIA, ROBERT BARNETT, JAMES LUCIANO, and BRIAN SCOTT, together with any of the defendant METROPOLITAN TRANSPORTATION AUTHORITY officers who held supervisory ranks, approved of, oversaw, and otherwise participated in the search, interrogation,

8

false arrest and unlawful imprisonment of plaintiff, and failed to adequately supervise their subordinates who participated in the search, interrogation, false arrest, and unlawful imprisonment of plaintiff.

52.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the defendant municipalities sued herein, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

53.    The aforesaid event is not an isolated incident. The defendant municipalities are aware (from lawsuits, notices of claims, and complaints field with their respective Internal Affairs Bureaus) that the defendant officers are insufficiently trained on when to stop, detain, and search individuals, the probable cause required to arrest individuals, stop and falsely arrest individuals due to discrimination against them based on their race and/or nationality, and that they otherwise engage in falsification.

54.    The defendant municipalities are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the defendant municipalities have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

55.    Moreover, upon information and belief, the defendant municipalities were aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, the defendant municipalities have retained these officers, and failed to adequately train and supervise them.

56.    As a result of the foregoing, plaintiff GREGORY A. GRICE, III sustained, *inter alia*, emotional distress, embarrassment, humiliation, offensive physical contact, loss of liberty,

and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "56" with the same force and effect as if fully set forth herein.

58.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

59.     All of the aforementioned acts deprived plaintiff GREGORY A. GRICE, III, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

60.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

61.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the defendant municipalities and the defendant police departments, all under the supervision of ranking officers of said departments.

62.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63.     As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to

10

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

64.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    Defendants arrested plaintiff GREGORY A. GRICE, III without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

66.    Defendants caused plaintiff GREGORY A. GRICE, III to be falsely arrested and unlawfully imprisoned.

67.    As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

68.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.    Defendants issued criminal process against plaintiff GREGORY A. GRICE, III by causing his arrest and prosecution in Greenburgh Town Court.

70.    Defendants caused plaintiff GREGORY A. GRICE, III to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal

process, to wit: to cover up their abuse of authority, and/or to chill Mr. Grice's First Amendment rights, and thereby violated plaintiff's right to be free from malicious abuse of process.

71.    As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

72.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

74.    As a result of the foregoing, plaintiff GREGORY A. GRICE, III was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

75.    As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

76.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    The defendants falsely arrested plaintiff GREGORY A. GRICE, III because of the

plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other defendant officers.

78.     As a result of the foregoing, plaintiff GREGORY A. GRICE, III was deprived of his rights under the Equal Protection Clause of the United States Constitution.

79.     As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants had an affirmative duty to intervene on behalf of plaintiff GREGORY A. GRICE, III, whose constitutional rights were being violated in their presence by other officers.

82.     The defendants failed to intervene to prevent the unlawful conduct described herein.

83.     As a result of the foregoing, plaintiff GREGORY A. GRICE, III's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

84.     As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

13

attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

85.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

87.    As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

88.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

90.    The aforementioned customs, policies, usages, practices, procedures and rules of the defendant Police Departments included, but were not limited to arresting citizens without probable cause and then committing perjury and/or falsification and/or manufacturing evidence in an effort to convict such individuals, and disproportionately stopping and detaining individuals due to discrimination against them based on their race and/or nationality.  In addition,

14

the defendant municipalities engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff GREGORY A. GRICE, III's rights as described herein. As a result of the failure of the defendant municipalities to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, the defendant municipalities have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

91.    The foregoing customs, policies, usages, practices, procedures and rules of the defendant municipalities and the defendant police departments constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff GREGORY A. GRICE, III.

92.    The foregoing customs, policies, usages, practices, procedures and rules of the defendant municipalities and the defendant police departments were the direct and proximate cause of the constitutional violations suffered by plaintiff GREGORY A. GRICE, III as alleged herein.

93.    The foregoing customs, policies, usages, practices, procedures and rules of the defendant municipalities and the defendant police departments were the moving force behind the Constitutional violations suffered by plaintiff GREGORY A. GRICE, III as alleged herein.

94.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the defendant municipalities and the defendant police departments, plaintiff GREGORY A. GRICE, III was unlawfully arrested.

95.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff GREGORY A. GRICE, III' constitutional rights.

96.     All of the foregoing acts by defendants deprived plaintiff GREGORY A. GRICE, III of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from false arrest/unlawful imprisonment;

C.     To be free from the failure to intervene;

D.     To be free from malicious abuse of process; and

E.     To receive equal protection under law.

97.     As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with, the TOWN OF GREENBURGH, TOWN OF NORTH CASTLE, WESTCHESTER COUNTY, and METROPOLITAN TRANSPORTATIONAUTHORITY, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

100.     The TOWN OF GREENBURGH, TOWN OF NORTH CASTLE, WESTCHESTER COUNTY, and METROPOLITAN TRANSPORTATIONAUTHORITY have wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

101.   This action was commenced within one (1) year and ninety (90) days after plaintiff's eighteenth birthday.

102.   Plaintiff has complied with all conditions precedent to maintaining the instant action.

103.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

104.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.   Defendants arrested plaintiff GREGORY A. GRICE, III without probable cause.

106.   Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

107.   As a result of the aforementioned conduct, plaintiff GREGORY A. GRICE, III was unlawfully imprisoned in violation of the laws of the State of New York.

108.   As a result of the aforementioned conduct, plaintiff GREGORY A. GRICE, III suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

109.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

110.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III was placed in apprehension of imminent harmful and offensive bodily contact.

112.   As a result of defendant's conduct, plaintiff GREGORY A. GRICE, III has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

113.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

114.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.   Defendants made offensive contact with plaintiff GREGORY A. GRICE, III without privilege or consent.

116.   As a result of defendants' conduct, plaintiff GREGORY A. GRICE, III has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

117.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

118.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.   Defendants issued criminal process against plaintiff GREGORY A. GRICE, III by causing him to be arrested and compelling his appearance in town court.

120.   Defendants caused plaintiff GREGORY A. GRICE, III to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

121.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

122.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.   The aforementioned conduct was extreme and outrageous, and exceeded all

reasonable bounds of decency.

124.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by the defendant municipalities.

125.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by the defendant municipalities.

126.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff GREGORY A. GRICE, III.

127.   As a result of the aforementioned conduct, plaintiff GREGORY A. GRICE, III suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

128.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

129.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "128" with the same force and effect as if fully set forth herein.

130.   Upon information and belief, the defendant municipalities failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff GREGORY A. GRICE, III.

131.   The defendant municipalities knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

heretofore alleged in this Complaint.

132.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

133.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.   Upon information and belief the defendant municipalities failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff GREGORY A. GRICE, III.

135.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

136.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant municipalities and their employees and agents, who were on duty

and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

138.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

139.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "138" with the same force and effect as if fully set forth herein.

140.   The defendant municipalities are vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

141.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

142.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "141" with the same force and effect as if fully set forth herein.

143.   As a result of defendants' conduct, plaintiff GREGORY A. GRICE, III was

deprived of his right to equal protection of laws.

144.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

145.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "144" with the same force and effect as if fully set forth herein.

146.   As a result of defendants' conduct, plaintiff GREGORY A. GRICE, III was deprived of his right to security against unreasonable searches, seizures, and interceptions.

147.   As a result of the foregoing, plaintiff GREGORY A. GRICE, III is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff GREGORY A. GRICE, III demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorney's fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 31, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff GREGORY A. GRICE, III
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

GREGORY A. GRICE, III,

                                  Plaintiff,

          -against-

TOWN OF GREENBURGH, NEW YORK, THE TOWN OF
NORTH CASTLE, NEW YORK, COUNTY OF WESTCHESTER
METROPOLITAN TRANSPORTATION AUTHORITY, DEREK
HOSEIN, Individually, MICHAEL ALFALLA, Individually,
KENNETH STEWART, Individually, DONALD HEAGLE,
Individually, KEVIN MADDINE, Individually, JONATHAN
PISCATELLI, Individually, MICHAEL SACHAR, Individually,
ANTHONY MCVEIGH, Individually, FRANK FARINA, Individually,
MARK DELIA, Individually, HERMAN KILLEBREW, Individually,
ROBERT BARNETT, Individually, THOMAS MCCORMACK,
Individually, JOSEPH HORESKY, Individually, KATHLEEN
CRISTIANO, Individually, BRIAN SCOTT, Individually,
JAMES LUCIANO, Individually,

                                    Defendants.

--------------------------------------------------------------------------------X

13 CV 1776 (NSR)

# AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100